927 F.2d 609
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Mike HERNANDEZ, Plaintiff-Appellant,
v.
George S. WHITING; Steven Tate, Defendants-Appellees.
 No. 88-6743.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1990.*
Decided Feb. 28, 1991.
 Appeal from the United States District Court for the Central District of California; No. CV-88-6291-WJR, William J. Rea, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before FARRIS, CYNTHIA HOLCOMB HALL and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mike Hernandez appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Hernandez alleges he was forced to eat food that contained heroin while incarcerated in the San Luis Obisbo County Jail, in violation of various constitutional protections. On appeal, Hernandez argues that the district court erred in dismissing his action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 3
 We review de novo a district court's dismissal of a complaint as frivolous under 28 U.S.C. Sec. 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 District courts may dismiss frivolous in forma pauperis actions sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint is "frivolous" "where it lacks an arguable basis either in law or fact." Id.
 
 
 5
 In 1985, summary judgment had been entered against Hernandez on a section 1983 claim arising out of the identical incidents set forth in the present complaint. In the prior action, Hernandez alleged various constitutional violations arising from the purportedly heroin-laced food he was given in 1982. The present suit seeks to disrupt this prior resolution, involves substantially the same evidence, entails the infringement of the same set of rights, and arises from the same transactional nucleus of facts. C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987).
 
 
 6
 Hernandez argues that res judicata is inapplicable because the current complaint asserts a First Amendment violation not alleged in the prior action. However, Hernandez's contention that his "rights as guaranteed under the First Amendment ... were denied, in that he was forced to eat food that was loaded with heroin ... without any regards to his freedom of expression as to whether or not to accept narcotic loaded food," has no arguable substance in law. The cognizable constitutional claims set forth in the present complaint, those regarding due process and cruel and unusual punishment, were alleged in the prior action. Thus, res judicata was proper and the action was appropriately dismissed as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panelunanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3