943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry J. REPASS, Plaintiff-Appellant,
v.
C/PS Michelle DELANEY, D. Gonzales, Warden, John Larkin,
Defendants-Appellees.
 No. 90-16327.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry J. Repass, an Arizona state prisoner, appeals pro se from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is frivolous if it lacks an arguable basis in law or in fact. Id. In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640 (citing Neitzke, 490 U.S. at 329-30).
 
 
 4
 Repass alleges that his constitutional rights were violated when he was (1) transferred from the general population into a "special unit 2/A which has the same restrictions as administrative segregation" and (2) denied rehabilitative programs as a result of transfer. Nevertheless, it is clear from the face of Repass's complaint that he was not transferred to administrative segregation but was transferred to another unit in the prison. The district court properly determined that Repass alleges no constitutional violation because prisoners have no constitutional right to be housed in a particular prison unit. See Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976); Meachum v. Fano, 427 U.S. 215, 224 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). The district court also properly determined that Repass alleges no constitutional violation regarding the denial of rehabilitative programs because prisoners have no constitutional right to rehabilitation. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3