943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. PENROD, Plaintiff-Appellant,
v.
James ROWLAND, Director, Jack R. Reagan, Paul Cook, R. Ryan,
Defendants-Appellees.
 No. 90-15142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Penrod, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 321, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Penrod alleges that his first amendment rights were violated when a Contel public phone directory was confiscated by prison officials. Prison officials placed the telephone book in the prison library, where Penrod has access to it.
 
 
 6
 The district court's dismissal was proper because Penrod's complaint lacks an arguable basis in law. See Neitzke, 490 U.S. at 325. Because Penrod will have access to the phone book in the prison library, his first amendment rights are not implicated by a prison regulation which denies him personal possession of the book. See McCabe v. Arave, 827 F.2d 634, 638 (9th Cir.1987) (prisoners' first amendment rights would be satisfied by including books in library). Further, Penrod does not have an arguable section 1983 claim for intentional deprivation of property without due process of law because California law provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 544 (1981); Cal.Govt.Code § 900 et seq.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3