944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Buddy Joe BARNARD, Plaintiff-Appellant,
v.
FRESNO POLICE DEPT., Geoffery L. Hayden, Deputy City
Attorney Police legal advisor, Defendant-Appellee.
 No. 89-16227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 11, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Buddy Joe Barnard, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(d). We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Barnard's complaint alleged that the Fresno Police Department seized his property from his house pursuant to a search warrant and improperly failed to return the property to him. Barnard alleged that this deprived him of his property without due process of law.
 
 
 6
 The district court's dismissal was proper because Barnard's amended complaint lacks an arguable basis in law. See Neitzke, 490 U.S. at 325. First, even if the alleged loss of the property was caused by the negligence of the police department, mere negligence or lack of due care does not constitute a deprivation of a constitutional right, and therefore is not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Second, Barnard does not have an arguable section 1983 claim even if prison officials intentionally deprived him of his property because California law provides an adequate post-deprivation remedy for his alleged loss. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 at 527; Cal.Govt.Code §§ 820, 900 et seq.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3