951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick James CAMPBELL, Plaintiff-Appellant,
v.
Henry BURGESS; Thomas Craig, et al., Defendants-Appellees.
 No. 91-35668.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 30, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick James Campbell, a Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. In his complaint, Campbell named members of the Montana Board of Pardons and the state of Montana as defendants and sought damages for their failure to release him on parole. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 4
 Here, the district court properly determined that the parole commissioners were absolutely immune from section 1983 liability for damages. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981). The district court also properly determined that the eleventh amendment bars a suit against the state of Montana. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (state is not a "person" for purposes of section 1983).
 
 
 5
 To the extent that Campbell may be alleging that he is entitled to release on parole, his exclusive remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 600 (1973). Normally, if a pro se prisoner files a section 1983 complaint that seeks relief available only by writ of habeas corpus, the district court should construe the complaint to that extent as a habeas corpus petition. See Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). Here, however, Campbell has not exhausted state remedies, and the district court properly dismissed the complaint.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3