953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven A. VOLSTAD, Plaintiff-Appellant,
v.
Lloyd ANDERSON; Betty Anderson, Defendants-Appellees.
 No. 90-35449.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven A. Volstad, a Washington state prisoner, appeals pro se the district court's sua sponte dismissal of his action prior to service of process. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we vacate and remand.
 
 
 3
 * FACTS
 
 
 4
 Volstad filed his complaint in the district court on April 3, 1990. In his complaint, Volstad sought damages for the intentional infliction of emotional distress by the defendants. Volstad's children were apparently placed in the foster care of the defendants. In his complaint, Volstad claims that the defendants have violated his right to contact his daughters, have refused to accept phone calls to his daughters, and have attempted to turn his daughters against him.
 
 
 5
 On April 3, 1990, the district court dismissed Volstad's complaint without prejudice, finding that the case presented issues of domestic relations and family law, and that therefore, the district court lacked subject matter jurisdiction over the action.
 
 
 6
 On April 12, 1990, Volstad filed a motion seeking a reversal of the court's April 3, 1990 dismissal. On June 1, 1990, the district court issued an order vacating the April 3, 1990 order finding that the grounds upon which the complaint was originally dismissed were incorrect. In the June 1, 1990 order, the district court nevertheless dismissed Volstad's action because the requirements for diversity of citizenship under 28 U.S.C. § 1332(a) had not been met. Volstad appeals from the district court's June 1, 1990 sua sponte order of dismissal.
 
 II
 ANALYSIS
 
 7
 As an initial matter, the district court's order dismissed the complaint and not the action. Because it appears, however, that the district court intended to dispose of Volstad's entire action, we consider the order final and appealable. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 n. 1 (9th Cir.1984). Thus, jurisdiction over this appeal is proper. See id.
 
 
 8
 Next, we consider whether the district court properly dismissed Volstad's action prior to service of process for lack of diversity jurisdiction.
 
 
 9
 A court's sua sponte dismissal of a complaint before issuance and service of process upon the defendants is construed as a dismissal under 28 U.S.C. § 1915(d). Jackson, 885 F.2d at 640. The district court may dismiss an action under § 1915(d) only if it is frivolous. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A frivolous claim is one which lacks an arguable basis in either law or fact. Id. A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson, 885 F.2d at 640. Moreover, a district court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 10
 In his complaint, Volstad cited 28 U.S.C. § 1332(a)(2), the diversity of citizenship statute, as the jurisdictional basis of his action. At the time Volstad filed his complaint, he was incarcerated at the Monroe Reformatory in Washington State. In his complaint, Volstad alleged that the defendants were residents of Washington, and he listed his mailing address at the Monroe Reformatory in Washington. On appeal, Volstad contends that the district court erred in determining that diversity of citizenship jurisdiction was lacking. He claims that he is not a resident of Washington, but is instead a "lifelong resident of Minnesota."
 
 
 11
 "One does not change his residence to prison by virtue of being incarcerated there." See Cohen v. United States, 297 F.2d 760, 774 (9th Cir.1962), cert. denied, 369 U.S. 865; accord Jones v. Hadican, 552 F.2d 249, 251 (8th Cir.1977).
 
 
 12
 Thus, it is unclear whether Volstad can meet the requirements of diversity of citizenship, and the district court should not have dismissed Volstad's action as frivolous without determining Volstad's citizenship. Cf. Nietzke, 109 S.Ct. at 1831. Accordingly, we vacate the district court's order and remand the action to enable the district court to allow Volstad an opportunity of amend his complaint to allege facts to demonstrate diversity of citizenship.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3