Joseph JACKSON, II,
Plaintiff–Appellant,

v.

STATE OF ARIZONA; (Unknown) Terry,
Deputy Acting Warden; (Unknown)
Avenenti, Deputy Warden, Defendants–
Appellees.

No. 88–1550.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 1989 *.

Decided Sept. 18, 1989.

Joseph Jackson, Florence, Ariz., pro se.
No appearance for defendants-appellees.

Before FARRIS, THOMPSON and
TROTT, Circuit Judges.

DAVID R. THOMPSON, Circuit
Judge:

Joseph Jackson appeals *pro se* the district court's judgment dismissing his action for damages against the State of Arizona and two prison officials. We have jurisdic-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

tion under 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.

## BACKGROUND

Jackson's complaint alleged that prison officials have violated a wide range of his rights. Jackson also filed a petition to proceed *in forma pauperis* ("IFP"), which was granted.

As the district court noted, Jackson's complaint is "largely unintelligible." The complaint clearly fails to state a claim under Federal Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6). Declining to order service of process, the district court *sua sponte* dismissed the complaint with leave to amend and with brief instructions on how to correct the complaint's numerous defects. The court gave Jackson thirty days to amend his complaint. After Jackson failed to amend the complaint within the thirty-day period, the district court dismissed the action and entered judgment against him. Jackson filed a motion to reconsider and some late amendments for the complaint, but the amendments did not cure the deficiencies identified by the district court. The district court denied the motion to reconsider.

## DISMISSALS UNDER 28 U.S.C. § 1915(d)

"The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, — U.S. —, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) (unanimous decision). An IFP litigant may prosecute a lawsuit without paying filing fees or court costs. *Id.* As a result, IFP litigants, unlike paying litigants, have little "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent such abusive litigation, section 1915(d) permits federal courts to dismiss IFP claims "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Neitzke*, 109 S.Ct. at 1831; 28 U.S.C. § 1915(d). "Dismissals on these grounds are often made *sua sponte* prior to issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 109 S.Ct. at 1831.

There is no evidence in the record that Jackson is not impoverished or that the action is malicious. Therefore, the district court's *sua sponte* dismissal of the action prior to service of process could only be justified if the complaint was frivolous under section 1915(d). We review the determination that a claim is frivolous de novo. *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir.1987).

A complaint is "frivolous" within the meaning of section 1915(d) only if it lacks an arguable basis in law or fact. *Neitzke*, 109 S.Ct. at 1831. Thus, a judge may dismiss IFP claims which are "based on indisputably meritless legal theories" or whose "factual contentions are clearly baseless." *Id.* at 1833.

On the other hand, an indigent plaintiff with an arguable claim is entitled to issuance and service of process. *Neitzke*, 109 S.Ct. at 1834; *Wilson v. Rackmill*, 878 F.2d 772, 774–75 (3d Cir.1989). Service of process assures "indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules." *Neitzke*, 109 S.Ct. at 1834. And "Congress' overarching goal in enacting the *in forma pauperis* statute [was] 'to assure equality of consideration for all litigants.'" *Neitzke*, 109 S.Ct. at 1834 (quoting *Coppedge v. United States*, 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.Ed.2d 21 (1962)). In the present case, the district court did not order issuance and service of process. Thus, under *Neitzke*, our critical inquiry is whether any of Jackson's claims has an arguable basis in law and fact.

Deciphering Jackson's *pro se* complaint is difficult, but we construe the complaint to allege nine somewhat redundant claims against the State of Arizona and two prison officials. Initially, we note that the eleventh amendment bars Jackson's claim against the state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355,

39 L.Ed.2d 662 (1974); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989); U.S. Const. amend. XI; *cf. Will v. Michigan Dept. of State Police,* —— U.S. ——, 109 S.Ct. 2304, 2308–09, 105 L.Ed.2d 45 (1989) (a state is not a person for purposes of 42 U.S.C. § 1983). Therefore, Jackson's claim against the state is without arguable legal basis. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989) (claim against prosecutors with clear immunity is frivolous within the meaning of section 1915(d)). We now consider the individual claims against the two named defendants.

■ We construe claims 1, 3, 5, 6, and 8 to allege that maintenance of the prison conditions described amounted to cruel and unusual punishment. Jackson seems to contend unsanitary food handling and polluted water at the prison "could lead to death, [and] all type[s]" of diseases. *See generally Rhodes v. Chapman,* 452 U.S. 337, 345–46, 101 S.Ct. 2392, 2398–99, 69 L.Ed.2d 59 (1981) (discussing the meaning of "cruel and unusual"). And while most of Jackson's allegations seem either highly improbable or greatly exaggerated, if the prison conditions were as threatening to Jackson's health and safety as he alleges and "if they were the result of deliberate indifference on the part of the prison officials, then [Jackson] arguably has alleged cruel and unusual punishment under the Eighth Amendment." *Franklin v. State of Oregon,* 662 F.2d 1337, 1347 (9th Cir. 1981). These claims are not frivolous for purposes of section 1915(d).

Claim 2 is "Double Jeopardy ... Threatening-as-Slaves ... Still occurring ... Threatening to caused violents Reactions from convicts." This claim is totally incomprehensible and therefore without arguable basis in law.

■ In claims 4 and 9, Jackson complains about the slippery prison floors and the dried beans served for meals. These claims do not state even an arguable claim for cruel and unusual punishment. "[T]he Constitution does not mandate comfortable prisons." *Rhodes,* 452 U.S. at 349, 101 S.Ct. at 2400.

■ Claim 7 alleges that prison officials violated Jackson's right to due process by refusing to allow prisoners "to carry personal type writers over to the State Law Library." While prisoners have a right to meaningful access to the courts, inmates "have no constitutional right to the use of a typewriter." *Sands v. Lewis,* 878 F.2d 1188, 1190 (9th Cir.1989). Claim 7 is frivolous.

Jackson also makes other allegations which could be interpreted as stating independent claims. However, none of these potential claims has even arguable merit.

### CONCLUSION

The district court's judgment is reversed as to claims 1, 3, 5, 6 and 8 and is affirmed as to claims 2, 4, 7 and 9. We also affirm the district court's judgment as to the State of Arizona. We remand the case for issuance and service of process. *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 1830–31, 104 L.Ed.2d 338 (1989).

AFFIRMED in part, REVERSED in part and REMANDED.

FARRIS, Circuit Judge, concurring:

I would affirm but *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 1830–31, 104 L.Ed.2d 338 (1989) requires the result that we reach.

Upon remand, the district court may dismiss the complaint for failure to state a claim under Federal Rule 12(b)(6). The result will be the same but *Neitzke* requires a more restricted standard when the dismissal is based upon frivolousness under 28 U.S.C. § 1915(d). As the Supreme Court held in *Neitzke:*

> The question presented is whether the complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is automatically frivolous within the meaning of 28 U.S.C. § 1915(d). The answer, we hold, is no.

*Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 1829, 104 L.Ed.2d 338 (1989).

I am compelled therefore, to join the majority.