942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary St. HILAIRE, Plaintiff-Appellant,
v.
Sam LEWIS, Col., Defendant-Appellee.
 No. 90-15061, 90-15288.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1990.*
Decided Aug. 22, 1991.
 
 Before POOLE, CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire brought this action under 42 U.S.C. § 1983 against defendants Samuel Lewis, the Director of the Arizona Department of Corrections, and the Arizona Department of Corrections. St. Hilaire appeals pro se the district court's dismissal of his claim. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand the case for further proceedings.
 
 FACTS AND PROCEEDINGS
 
 3
 St. Hilaire is an inmate at the Arizona State Prison at Perryville, Arizona ("Perryville complex"). St. Hilaire brought this section 1983 claim alleging a violation of his "equal rights and equal due process access to the courts." Complaint, No. CV-89-1694, at 8 (Oct. 12, 1989). He claims that the indigency level at the Perryville complex where he is incarcerated is $12, whereas the indigency level at another Arizona state prison, the Florence complex, is $45. According to St. Hilaire, if a prisoner has $12 on his account in a thirty-day period, the prisoner is not considered indigent and must pay for all necessary hygienic and legal supplies at the prisoner's own expense. St. Hilaire does not qualify as indigent under the $12 level. This has resulted in his paying for stamps and photocopying in pursuing several legal actions.
 
 
 4
 The district court granted St. Hilaire's petition to pursue this action in forma pauperis. Based on our holding in Sands v. Lewis, 886 F.2d 1166 (9th Cir.1989), the district court then dismissed his complaint with leave to amend. St. Hilaire filed a notice of appeal from this dismissal and refused to amend his complaint. The district court dismissed the action for failure to amend the complaint, and St. Hilaire filed a second notice of appeal from this dismissal. The record does not indicate that the district court ordered the issuance and service of process prior to dismissal of the complaint.
 
 DISCUSSION
 
 5
 Unless the complaint of a plaintiff proceeding in forma pauperis is "frivolous" under 28 U.S.C. § 1915(d), the district court may not sua sponte dismiss the complaint prior to the issuance and service of process. Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989). A complaint is "frivolous" if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). If the complaint raises an arguable question of law, the district court may not dismiss the complaint on the basis of frivolousness. Id. at 1833. We, therefore, must determine whether St. Hilaire's claim lacks an arguable basis in law or in fact. Jackson, 885 F.2d at 640.
 
 
 6
 The district court construed St. Hilaire's complaint as alleging a violation of meaningful access to the courts under the due process clause. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Specifically, the district court stated that St. Hilaire alleged harm based on the prison's failure to provide him with stamps and photocopying at state expense. The district court dismissed the action because St. Hilaire failed to allege a specific instance in which he was denied access to the courts, as required for an access to court claim under Sands v. Lewis, 886 F.2d at 1171.
 
 
 7
 In Sands, we held that a plaintiff must prove "actual injury" in a section 1983 claim alleging that the prison has failed to provide an indigent prisoner with basic supplies necessary for meaningful access to court. Id. We defined "actual injury" as a specific instance in which the plaintiff has been denied access to the courts. Id. A plaintiff, however, need not show "actual injury" if the complaint alleges the prison lacks an adequate law library or legal assistance. Id.
 
 
 8
 St. Hilaire's claim, however, is not that the prison has denied him meaningful access to the courts due to the failure to provide him with stamps and photocopying at state expense. Instead, St. Hilaire's complaint may be interpreted as alleging a violation of his right to equal protection. He contends the state lacks a rational justification for the differing levels of indigency within the state prison system.
 
 
 9
 The requirement of actual injury aids a court in determining whether a prison's failure to provide certain resources has deprived a prisoner of meaningful access to court under the due process clause. Id. at 1170 (quoting Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir.1988)). We have found no cases, however, requiring a showing of "actual injury," as enunciated in Sands, to pursue an equal protection claim. The harm alleged by St. Hilaire is that he has had to pay for stamps and photocopying to pursue legal actions while similarly situated prisoners at the Florence complex receive these resources at state expense. Although this harm is not sufficient to show "actual injury" for a due process claim under Sands, St. Hilaire may have alleged sufficient facts to state an equal protection claim. See Brandon v. District of Columbia Bd. of Parole, 734 F.2d 56, 60 (D.C.Cir.1984) (plaintiff may allege equal protection claim based on existence of suspect classification, classification which infringes a fundamental right, or classification which lacks a rational relationship to a legitimate state interest).
 
 
 10
 We cannot conclude that St. Hilaire's complaint lacks an arguable basis in law. Accordingly, we remand the case to the district court for issuance and service of process and for consideration of St. Hilaire's equal protection claim following a response from the defendants. See Jackson, 885 F.2d at 640.
 
 
 11
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P.34(a); 9th Cir.R.34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3