945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teshome ABATE, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, John Avenenti, Deputy Warden,
Major Terry, Security Chief Command, E. Salazar, Assistant
Deputy Warden, Sgt. Swindlehurst, Guard, M. Witten, CSO,
Guard, R. Tremont, Guard, Sgt. Stacey, S. Sadiek, CSO,
Guard, Defendants-Appellees.
 No. 90-15436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teshome Abate, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and vacate and remand.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id.
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Abate's complaint alleged that his constitutional rights were violated when (1) guards verbally harassed and threatened him, (2) his property was taken from his cell, (3) he was denied a "religious diet" in an attempt to kill him, which was motivated by discrimination on the basis of religion, national origin, and political beliefs, (4) he was not housed in isolation, (5) he was denied use of the law library typewriter, (6) he was denied a job, and (7) the guards wore different identity badges to confuse him.[1]
 
 
 6
 Here, Abate has alleged a pattern of harassment that included death threats. He further alleged that he was denied a vegeterian diet in an attempt to kill him. These allegations arguably state a claim under the eighth amendment. Thus, the district court erred in dismissing Abate's entire complaint as frivolous. See Neitzke, 490 U.S. at 325. Abate is entitled to issuance and service of process. See Jackson, 885 F.2d at 640.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Abate also claims that his mail has been delayed and intercepted. Abate did not raise this claim in his complaint, however, and cannot raise it for the first time on appeal. See United States v. Oregon, 769 F.2d 1410, 1415 (9th Cir.1985)