947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Greg SCHULTZ, Plaintiff-Appellant,
v.
Bob GOLDSMITH, et al., Defendants-Appellees.
 No. 90-16620.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 29, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg Schultz, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. Schultz contends that the district court erred in dismissing his complaint as frivolous.[1] We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We affirm in part and reverse and remand in part.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Jackson, 885 F.2d at 640. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Schultz's complaint alleged that his exposure to secondary cigarette smoke in prison constituted cruel and unusual punishment in violation of the eighth amendment. Schultz further alleged that due to this exposure to cigarette smoke, he has suffered various medical problems. Schultz named as defendants four prison officials and several cigarette and tobacco companies. He sought declaratory and injunctive relief, and compensatory and punitive damages.
 
 
 5
 This court has held that a prisoner's compelled exposure to secondary cigarette smoke may constitute cruel and unusual punishment if it is at such levels and under such circumstances as to pose an unreasonable risk of harm to the prisoner's health. McKinney v. Anderson, 924 F.2d 1500, 1503-05, 1507-09 (9th Cir.), vacated and remanded for further consideration in light of Wilson v. Seiter, 111 S.Ct. 2321 (1991), 60 U.S.L.W. 3154 (Oct. 15, 1991). In Wilson v. Seiter, the Supreme Court held that to state an eighth amendment claim of cruel and unusual punishment, a prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions. 111 S.Ct. at 2326.
 
 
 6
 Here, Schultz's complaint alleged that his exposure to secondary cigarette smoke has caused an unreasonable risk of harm to his health. Schultz's complaint, however, alleged only that the defendants were negligent for not preventing the dangers of exposure to secondary cigarette smoke. Under the standard set forth in Wilson v. Seiter, to state a claim Schultz must demonstrate that prisons officials were deliberately indifferent to his exposure to secondary cigarette smoke. See id. at 2326.
 
 
 7
 Nevertheless, Schultz will have an opportunity to amend his complaint to show the requisite state of mind on the part of the defendants. See Fed.R.Civ.P. 15(a) (party may amend a pleading once as a matter of course at any time before a responsive pleading is served); see also Neitzke, 109 S.Ct. at 1834 ("a complaint filed in forma pauperis is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim"); Karim-Panahi, 839 F.2d at 623-24 (district court must give pro se plaintiff notice of the complaint's deficiencies and an opportunity to amend the complaint before dismissal under Fed.R.Civ.P. 12(b)(6) unless it is absolutely clear that the deficiencies cannot be cured by amendment).
 
 
 8
 Because Schultz's eighth amendment claim against prison officials has an arguable basis in law and fact, the district court erred in dismissing as frivolous Schultz's complaint as to these defendants. See Neitzke, 109 S.Ct. at 1831; Jackson, 885 F.2d at 640. The district court properly dismissed as frivolous Schultz's claims against the cigarette and tobacco companies because he cannot show that these defendants act under color of state law. See Neitzke, 109 S.Ct. at 1831; 42 U.S.C. § 1983.
 
 
 9
 Accordingly, we affirm the district court's dismissal of the action as to the private party defendants, and we reverse and remand for issuance and service of process upon defendants Goldsmith, Herman, Hallohan, and Shriner.
 
 
 10
 AFFIRMED in part; REVERSED AND REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We interpret the district court's sua sponte dismissal of the in forma pauperis complaint before service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)