947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce L. FRANZEN, Plaintiff-Appellant,
v.
Robin Anne WRIGHT, et al., Defendants-Appellees.
 No. 91-15181.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 4, 1991.
 
 Before FLETCHER, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce L. Franzen, a Nevada state prisoner, appeals pro se the district court's judgment dismissing as frivolous his 42 U.S.C. § 1983 action against two former defense attorneys, Judge Robin Anne Wright, a deputy district attorney, and a deputy county clerk. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Under 28 U.S.C. § 1915(d), the district court may dismiss sua sponte a frivolous in forma pauperis complaint. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A frivolous claim is one which lacks an arguable basis in either law or fact. Id.
 
 
 4
 Here, the district court properly dismissed Franzen's complaint as frivolous. First, Franzen's section 1983 claim against his court appointed attorneys lacks an arguable basis because they are private persons who do not act under color of state law. Tower v. Glover, 467 U.S. 914, 920 (1984); Polk County v. Dodson, 454 U.S. 312, 325 (1981).
 
 
 5
 Second, judges are absolutely immune from damages for judicial actions taken within the subject matter jurisdiction of the court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. Stump v. Sparkman, 435 U.S. 349, 355-59 (1978). Because Judge Wright did not act "in the clear absence of all jurisdiction" or "perform an act that [was] not judicial in nature", she has absolute immunity from damages. Ashelman, 793 F.2d at 1075.
 
 
 6
 Third, prosecutors are absolutely immune from liability for damages for acts performed in their official capacity. Imbler v. Pactman, 424 U.S. 409, 424 (1976). Similarly, court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Accordingly, Franzen's claims against these defendants have no arguable basis in law.
 
 
 7
 Finally, Franzen's contention that the district court erred in denying his motion for court-appointed counsel also fails. We review for an abuse of discretion, McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987), and we hold that the absence of "exceptional circumstances" justified the district court's denial of Franzen's motion for appointment of counsel, See Wilborn v. Escalderon, 789, F.2d 1328, 1331 (9th Cir.1986).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Franzen's motion for appointment of counsel on appeal is denied