951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Robert DEMOS, Jr., Plaintiff-Appellant,
v.
Larry KINCHELOE; O. Patton, Defendants-Appellees.
 No. 91-35225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Robert Demos, Jr., a Washington state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we vacate and remand for issuance and service of process.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 4
 In his complaint, Demos alleged that in 1984, prison officials told other inmates that he was a "snitch" because the officials were angry with him because of his voluminous legal filings. He further alleged that as a result, his cellmate assaulted and severely injured him. He further alleged that prison officials' actions constituted "deliberate and willful indifference towards my safety." As defendants, he named the prison warden and a prison guard.
 
 
 5
 The district court dismissed the complaint as frivolous because Demos did not specify how the named defendants were involved in the assault and did not provide specific facts to support his allegation that prison officials were responsible for the assault.
 
 
 6
 Although vague and conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss, see Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982), a pro se civil rights action may be dismissed prior to service of process only if it is wholly frivolous, see Neitzke, 496 U.S. at 324-25. Here, we cannot say from the face of Demos's complaint that his action is wholly frivolous. See White v. Roper, 901 F.2d 1501, 1503-04 (9th Cir.1990) (insufficient protection of a prisoner resulting in harm inflicted by other inmates may violate a prisoner's constitutional rights); Valandingham v. Borjorquez, 866 F.2d 1135, 1138 (9th Cir.1989) (same); see also Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991) (en banc). Accordingly, we vacate and remand for issuance and service of process.[1]
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Demos's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Demos raises additional claims of alleged deliberate indifference to his safety and retaliatory behavior by prison officals. Because these claims were not raised in the district court, and because no extraordinary circumstances warrant review, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)