958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis Butler O'NEAL, Plaintiff-Appellant,
v.
Joseph R. MUFFOLETT, Director of Disability and
International Operations of the Social Security
Administration; Barbara Stockman, Field Representative of
Department of Health and Human Services; Gray Davis,
Controller of the State of California; James Rowland,
Defendants-Appellees.
 No. 90-16757.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Butler O'Neal, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d).[1] O'Neal contends he was deprived of his right to receive his retroactive Social Security benefits in a timely manner due to the defendants' negligence. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to ... property." Daniels, 474 U.S. at 328 (emphasis in original).
 
 
 4
 Here, O'Neal was entitled to retroactive Social Security benefits. O'Neal's check was sent to him, but was returned to the Social Security office in California. In late July 1990 and again on August 10, 1990, Social Security officials sent letters to O'Neal informing him that his check was reissued and that he would receive it shortly.[2] Nevertheless, on August 14, 1990, O'Neal filed his section 1983 claim based on the alleged gross negligence of certain Social Security officials. O'Neal amended his complaint on August 17, 1990 and asserted the same claims.
 
 
 5
 O'Neal's allegation that the defendants violated his constitutional rights due to their negligence is without arguable legal basis. See Daniels, 474 U.S. at 328. Because O'Neal's claim is frivolous, we affirm the district court's judgment. See Jackson, 885 F.2d at 641.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, therefore appellant's request is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the in forma pauperis complaint sua sponte before service of process. We interpret this dismissal as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 At the time of his appeal, O'Neal had received the check for retroactive benefits