961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Lee MADSEN, Plaintiff-Appellant,
v.
George HERMAN, Defendant-Appellee.
 No. 91-16486.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Lee Madsen, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal before service of process of his 42 U.S.C. § 1983 action against the defendants. We construe the district court's dismissal prior to issuance and service of process as a dismissal under 28 U.S.C. § 1915(d), and we review de novo. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We affirm.
 
 
 3
 The district court may dismiss an action under 1915(d) only if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is one which lacks an arguable basis in either law or fact. Id.
 
 
 4
 Under Arizona law, "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). "[A] dismissal ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits" unless otherwise specified in the court order. Fed.R.Civ.P. 41(b).
 
 
 5
 Madsen contends that prison officials negligently lost his television and other property when he was transferred from one unit to another in the Arizona State prison. The due process clause is not implicated by claims of official negligence. See Daniels v. Williams, 474 U.S. 327, 330-32 (1986). Therefore, the district court correctly found that Madsen did not state an arguable claim. See id.
 
 
 6
 Moreover, Madsen filed a prior action in the district court based on the same facts which was dismissed for failure to state a claim on March 20, 1989. Because the prior action was a dismissal on the merits, involves the same party, and involves the same cause of action, this action is barred by res judicata. See Chaney, 148 Ariz. at 573, 716 P.2d at 30 (1986).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's motion to extend time to file appellee's brief or to file a motion to dismiss this appeal is denied. Appellant's motion to strike the appellee's pleadings is deemed moot