967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Douglas BOWDEN, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 No. 91-15985.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 17, 1992.
 
 MEMORANDUM*
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 Mark Douglas Bowden, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 2
 We review the district court's determination that a complaint is frivolous under 28 U.S.C. § 1915(d) for an abuse of discretion. Denton v. Hernandez, 69 U.S.L.W. 4346, 4348 (May 4, 1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 3
 Here, Bowden's complaint alleged that various prison officials violated his eighth amendment rights by denying him medical care. According to the complaint, Bowden suffers from a seizure disorder, and on July 30, 1989, he had a seizure which resulted in the loss of three fingers on his right hand. His fingers were surgically reattached, and on August 9, 1989, he was released from the hospital. The surgeon prescribed daily physical therapy for Bowden; he also told Bowden to keep his arm elevated at all times and provided him with a splint and a pillow for this purpose.
 
 
 4
 The complaint further alleged that between August 1989 and December 1990, the defendants denied Bowden the prescribed physical therapy, failed to transport him to scheduled medical appointments, and temporarily removed his pillow and splint. Moreover, the complaint alleged that in April and July 1990, the defendants failed to provide Bowden with his prescribed seizure medication, and as a result he had another seizure on July 17, 1990, after which he was given the prescribed medication. Bowden claimed that the defendants' conduct "has and is causing me to suffer physical and mental pain and has fatally threaten [sic] my life" and constituted deliberate indifference to his serious medical needs in violation of the eighth amendment. He sought declaratory and injunctive relief, as well as monetary damages.
 
 
 5
 The district court dismissed the action under section 1915(d) because (1) certain of the claims raised in Bowden's complaint were duplicative of claims raised in a previous complaint pending before the court (CV-90-1617-JPV); and (2) the remaining claims amounted only "to differences of opinion regarding treatment, or at most negligence, neither of which is sufficient to make out a claim."[1]
 
 
 6
 Based on our review of Bowden's complaint in this action and his previous complaint (No. CV-90-1617), we conclude that the district court abused its discretion by dismissing the action as frivolous. First, Bowden's previous complaint alleged that his constitutional rights were violated because the defendants failed to provide him with his prescribed seizure medication between July 26 and July 29, 1989, and as a result he suffered a seizure on July 30, 1989, in which three of his fingers were severed. In contrast, the complaint in this action alleges constitutional violations arising after the July 30, 1989 seizure. In addition to the temporal and factual differences between the two complaints, each names different defendants.[2] Bowden's claims therefore are not duplicative of those raised in the prior action.
 
 
 7
 Moreover, the district court's characterization of Bowden's allegations as merely "differences of opinion regarding treatment" is not accurate; Bowden alleges that the defendants deliberately failed to provide him with treatment and medication that had been prescribed by physicians. Therefore, the complaint in this action has an arguable basis in law and fact. See Neitzke, 490 U.S. at 325; Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976) (prison officials violate the eighth amendment if they are deliberately indifferent to an inmate's serious medical needs; deliberate indifference means the "unnecessary and wanton infliction of pain").
 
 
 8
 Finally, whether the allegations are sufficient to state a claim is not the proper inquiry when a complaint is dismissed under section 1915(d). See Denton, 60 U.S.L.W. at 4348 ("a complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law' precluding dismissal under § 1915(d)") (quoting Neitzke, 490 U.S. at 328-329).
 
 
 9
 Accordingly, because Bowden has an arguable claim, he is entitled to issuance and service of process upon the defendants. See Jackson, 885 F.2d at 640.[3]
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4.
 
 
 [1]
 On November 27, 1991, the district judge granted Bowden's motion under Fed.R.App.P. 10(e) to supplement the record on appeal with the complaint in No. CV-90-1617-JPV
 
 
 [2]
 Each complaint names James Rowland, the Director of the California Department of Corrections, and Daniel Vasquez, the Warden of San Quentin prison; the other defendants are different
 
 
 [3]
 The district court docket in No. CV-90-1617 indicates that on August 1, 1991, the case was reassigned to Judge Saundra B. Armstrong, and on May 13, 1992, Judge Armstrong appointed counsel for Bowden. Thus, on remand, the district court may wish to consider consolidating the two actions