967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell K. FATTY, Plaintiff-Appellant,
v.
STATE OF ARIZONA; William F. Garbarino, Judge, Superior
Court, Coconino; Melvin T. Shelley, Judge, Court of Appeal,
State of Arizona; James Duke Cameron, Judge, Arizona
Supreme Court, Defendants-Appellees.
 No. 89-15998.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Fatty, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action brought against the State of Arizona and three state court judges. A court's sua sponte dismissal of a complaint before issuance and service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. § 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review for an abuse of discretion, Denton v. Hernandez, 60 U.S.L.W. 4364, 4348 (May 4, 1992), and we affirm.
 
 
 3
 In his complaint, Fatty sued various state court judges in connection with the denial of his motion for state court trial transcripts at the government's expense. Fatty contends that the trial transcripts contain information that his state court conviction was the result of improper use of evidence at trial in violation of his constitutional rights.
 
 
 4
 A prisoner proceeding in forma pauperis on a habeas corpus petition is entitled to receive copies of court documents at government expense. 28 U.S.C. 2250; United States v. Connors, 904 F.2d 535, 536 (9th Cir.1990). Nevertheless, until a prisoner has filed a habeas petition, he is not entitled to obtain such copies. Connors, 904 F.2d at 536 (9th Cir.1990).
 
 
 5
 Here, Fatty has not yet filed a habeas petition. Thus, although he is indigent, he is not entitled to copies of court documents at government expense until he files a habeas petition. See id.
 
 
 6
 Further, the judges are absolutely immune from section 1983 liability for damages for their judicial acts in ruling on Fatty's motion for his trial transcripts. See Stump v. Sparkman, 435 U.S. 349, 356-62 (1978) (judges are subject to section 1983 liability for damages only when they act in the clear absence of all jurisdiction). The state of Arizona was also properly dismissed because the state has not consented to suit. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Accordingly, the district court properly dismissed Fatty's action as frivolous. See Nietzke v. Williams, 490 U.S. 319, 324 (1989) (a complaint is frivolous "where it lacks an arguable basis either in law or fact."); Hernandez, 60 U.S.L.W. at 4348.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3