990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher David STAR, Plaintiff-Appellant,
v.
David PETERS, Deputy District Attorney of the Multnomah
County District and Circuit Courts, Defendant-Appellee.
 No. 92-36574.
 United States Court of Appeals, Ninth Circuit.
 March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher David Star, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's sua sponte dismissal of an action as frivolous for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Under 28 U.S.C. § 1915(d), a district court may sua sponte dismiss an action filed in forma pauperis as frivolous if it lacks an arguable basis in law or fact. Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989). In an action for damages under 42 U.S.C. § 1983, a prosecutor is absolutely immune from damages for initiating a prosecution and presenting the state's case. Tanner v. Heise, 879 F.2d 572, 578 (9th Cir.1989).
 
 
 5
 Here, Star filed a section 1983 action against a deputy district attorney (DDA) claiming that the DDA violated his constitutional rights and seeking $222,000,000 in damages as well as the firing and disbarment of the DDA. Star's claims stem from the successful prosecution of Star by the DDA in Multnomah County, Oregon.[1]
 
 
 6
 Star's allegations of misconduct by the DDA relate to the DDA's prosecution of Star, and therefore, the DDA is absolutely immune from liability under 42 U.S.C. § 1983. See Tanner, 879 F.2d at 578. Star's claim lacks a basis in law. The district court properly dismissed the claim. See Jackson, 885 F.2d at 640-41.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Star claims that the DDA (1) is prejudiced against Star because of Star's mental illness, (2) charged Star with several felony charges without sufficient evidence to substantiate the charges, (3) scheduled five different hearings, each before a different judge, (4) scheduled a hearing to challenge Star's ability to assist in his own defense after a previous motion was denied by a different judge, (5) denied Star the right to a speedy trial, (6) violated Star's right against double jeopardy, (7) defamed Star during the prosecution, and (8) failed to conduct a pretrial conference in an attempt to delay Star's trial