995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur W. CARSON, Plaintiff-Appellant,
v.
Michael HENNESSEY, Sheriff, Defendant-Appellee.
 No. 92-16542.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur W. Carson, a Texas state prisoner, appeals pro se the district court's judgment in favor of defendants San Francisco County Jail officials in Carson's 42 U.S.C. § 1983 civil rights action. Carson contends the district court erred by (1) dismissing his claim that he was deprived of property without due process, (2) dismissing his claim that he was placed in administrative segregation in retaliation for filing grievances, and (3) granting summary judgment on his law library access claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6)[1] and the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm in part, vacate in part and remand.
 
 I. Deprivation of Property
 
 3
 Carson contends that the district court erred by dismissing his deprivation of property claim. This contention lacks merit.
 
 
 4
 The random and intentional deprivation of property does not constitute a denial of constitutional due process if state law provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Here, Carson alleged that upon his arrest, an unknown officer of the San Francisco Police Department intentionally and wrongfully seized his personal property, specifically two rings, a knife, and Carson's California identification card, thereby violating Carson's right to due process. California law provides an adequate post-deprivation remedy for the alleged seizure of Carson's property. See Cal.Gov't.Code §§ 820, 900 et seq. Further, Carson failed to allege facts showing the seizure was anything more than a random incident. See Hudson, 468 U.S. at 533. Thus, the district court properly dismissed Carson's deprivation of property claim because it failed to state a cognizable action under section 1983. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 II. Retaliation
 
 5
 Carson contends that the district court erred by dismissing his claim that he was transferred to maximum security in retaliation for filing grievances. This contention has merit.
 
 
 6
 The Constitution protects one's right to petition the government for redress of grievances. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). "Deliberate retaliation" by prison officials against an individual for exercising this right is actionable under section 1983. Id.
 
 
 7
 Retaliation by prison officials may chill an inmate's exercise of his first amendment right to petition for redress of grievances and such conduct is actionable even if it does not otherwise rise to the level of a constitutional violation. See Thomas v. Carpenter, 881 F.2d 828, 829-30 (9th Cir.1989), cert. denied, 494 U.S. 1028 (1990) and 497 U.S. 1003 (1990). Conduct used to discourage the exercise of first amendment rights " 'need not be particularly great in order to find that rights have been violated.' " Id. at 830 (quoting Elrod v. Burns, 427 U.S. 347, 359 n. 13 (1976)).
 
 
 8
 Here, Carson alleged that he was transferred to maximum security, without any hearing or notice of disciplinary sanctions, in retaliation for filing grievances. Carson further alleged that upon transfer he was confined with mental patients and deprived of adequate exercise, access to the telephone, participation in Muslim services, and association with other prisoners. The district court dismissed this claim on the grounds that Carson's transfer to administrative segregation did not violate due process and the conditions in administrative segregation did not constitute a denial of basic necessities. The district court, however, failed to address Carson's claim that he was transferred to administrative segregation in retaliation for exercising his constitutional right to file grievances. Taking Carson's allegations of retaliation as true, Carson has stated sufficient facts to support a cognizable section 1983 claim. See Thomas, 881 F.2d at 830. Thus, the district court erred by dismissing Carson's retaliation claim. See Karim-Panahi, 839 F.2d at 624.
 
 III. Law Library Access
 
 9
 Carson contends that the district court erred by granting summary judgment for defendants on Carson's claim that he was denied adequate law library access. This contention lacks merit.
 
 
 10
 It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Nevertheless, the constitution does not guarantee a prisoner unlimited access to a law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Prisons must only provide access to a library that meets minimum constitutional standards. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). Prison officials may regulate law library access, taking into account the security risk posed by individual prisoners. Toussaint v. McCarthy, 801 F.2d 1080, 1109-10 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Prison officials may also regulate the time, manner, and place in which library facilities are used. Lindquist, 776 F.2d at 858.
 
 
 11
 Here, Carson alleged that he was only allowed to use the library once between December 28, 1988 and March 3, 1989, and that on that occasion the temperature in the library was so cold he was unable to work. He also alleged that his requests for library access were denied on three occasions. In support of their motion for summary judgment, defendants submitted the declaration of Sergeant Roper and a copy of the daily log showing that Carson was provided with library access on at least six occasions during the period in question. Roper declared that it was necessary to maintain a schedule limiting inmate access to the law library due to the great demand for access, the number of inmates and their various security classifications. Roper also declared that neither he nor the other defendants had ever denied any request of Carson's for library access.
 
 
 12
 In his opposition to defendant's motion, Carson did not dispute that he had been given access on six occasions, but argued that it did not amount to enough total time of library use. Carson failed to support this allegation, raised for the first time his in opposition to summary judgment, with specific facts. See Fed.R.Civ.P. 56(e). Carson also submitted a copy of a grievance form in which he had complained that he was only allowed to use the library once and that it was too cold to work. Given the evidence in the record, the district court properly granted summary judgment for defendants on Carson's law library access claim. See Lindquist, 776 F.2d at 858.
 
 
 13
 Carson also contends, as he did below, that the district court erred by considering the log as evidence in support of summary judgment because it was not properly authenticated. This contention lacks merit.
 
 
 14
 We review the district court's ruling on authentication for abuse of discretion. United States v. Black, 767 F.2d 1334, 1342 (9th Cir.), cert. denied, 474 U.S. 1022 (1985). To be considered in a motion for summary judgment, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550-51 (9th Cir.1990) (quotation omitted). "[B]efore evidence may be admitted, a foundation must be laid 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.' " Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir.1988) (quoting Fed.R.Evid. 901(a)).
 
 
 15
 Here, Sergeant Roper submitted an affidavit in which he stated that he maintained the daily law library log and that a true and correct copy of the log was attached. This is sufficient to comply with the requirements for authentication. See Hal Roach Studios, 896 F.2d at 1550-51. Thus, the district court did not abuse its discretion by admitting the log into evidence in support of summary judgment. See Black, 767 F.2d at 1342.
 
 
 16
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not specify whether it was dismissing Carson's claims pursuant to Rule 12(b)(6) or 28 U.S.C. § 1915(d), we construe the dismissal as a Rule 12(b)(6) dismissal because the summons and complaint were served prior to dismissal. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)