24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Leroy CHESNEY, Plaintiff-Appellant,
v.
Joseph N. MALFERO, H.H.S. Special Agent, et al., Defendants-Appellees.
 No. 93-56295.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Chesney appeals pro se the district court's dismissal of his civil rights action against various federal agents. The district court dismissed the action without prejudice under Fed.R.Civ.P. 4(j) for failure to effect service of process. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On May 28, 1992, Chesney, who was then a federal prisoner, filed his complaint and a request to proceed in forma pauperis ("IFP"). A magistrate judge ordered the complaint filed without prepayment of filing fees, but did not rule on Chesney's request for IFP status. On December 21, 1992, another magistrate judge, to whom the case had been referred, issued an order to show cause why the case should not be dismissed for failure to effect service of process. The magistrate judge, however, had never ruled on Chesney's request to proceed IFP. In his response to the order to show cause, Chesney stated that his attempts to serve defendant Malfero by mail had been unsuccessful, and he requested the forms necessary for service by the United States Marshal. On June 28, 1993, the magistrate judge issued a report and recommendation in which he recommended that the action be dismissed without prejudice because Chesney had failed to effect service of process as required by Fed.R.Civ.P. 4 and had not shown good cause to excuse his failure. On July 21, 1993, Chesney filed timely objections to the magistrate judge's report, in which he repeated his request that service be completed by the U.S. Marshal. The district court adopted the magistrate judge's findings and conclusions without specifically addressing Chesney's objections.
 
 
 4
 Chesney argues that the district court erred by dismissing the action because, as an incarcerated pro se litigant who sought to proceed IFP, he was entitled to have his summons and complaint served by the U.S. Marshal. We reject this argument. Chesney was entitled to service of process by the U.S. Marshal only if he was both indigent and his complaint was not frivolous. See 28 U.S.C. Sec. 1915(d); Neitzke v. Williams, 490 U.S. 319, 324 (1989) (district court may sua sponte dismiss a frivolous complaint prior to the issuance of process); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989) (same). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.
 
 
 5
 Here, the district court neither ruled on Chesney's request to proceed IFP nor considered whether Chesney's complaint was frivolous within the meaning of section 1915(d). Nevertheless, we may affirm the judgment "on any basis supported by the record even if the district court did not rely on that basis." United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (quotation omitted), cert. denied, 113 S.Ct. 1945 (1993). Having reviewed Chesney's complaint, we conclude that it lacks an arguable basis either in law or in fact. See Neitzke, 490 U.S. at 325. Indeed, Chesney's complaint consists of nothing more than numerous pages of largely unintelligible allegations.
 
 
 6
 Accordingly, because we conclude that Chesney's complaint is frivolous, we affirm the district court's dismissal of the action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3