**Gregory O. THOMAS, Plaintiff—
Appellant,**

v.

**R. Van BOENING, Asst. Super-
intendent; et al., Defen-
dants—Appellees.**

No. 02–35804.

D.C. No. CV–02–05032–WFN.

United States Court of Appeals,
Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted May 12, 2003.*

Decided May 15, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Gregory O. Thomas, an inmate at the Washington State Penitentiary ("WSP"), appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated the First and Fourteenth Amendments by refusing to deliver to him magazines deemed to be "sexually explicit" under WSP policy 450.100. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissals under 28 U.S.C. § 1915A(b)(1) de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and dismissals under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion, *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). We affirm in part, vacate in part, and remand.

 Thomas alleged that the prison officials violated his equal protection rights by permitting the WSP library to stock allegedly sexually explicit books, but refusing to deliver similarly sexually explicit magazines to him. The district court properly dismissed this claim. *See Lee v. City of Los Angeles,* 250 F.3d 668, 686–87 (9th Cir.2001).

 However, the district court improperly dismissed Thomas' First Amendment challenge to WSP policy 450.100 because, in the absence of published Ninth Circuit

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

precedent directly on point, it is not clear from the face of the complaint that this claim is frivolous or that Thomas cannot state a claim upon which relief can be granted. *Cf. Jackson v. Arizona,* 885 F.2d 639, 641 (9th Cir.1989) (reversing section 1915(e) dismissal because, if true, plaintiff's allegations "arguably" stated an Eighth Amendment claim).

We deny Thomas' "Motion for Admission." We also decline to consider the "appendix" received on March 28, 2003 because it contains documents that were not part of the district court record. *See* Fed. R.App. P. 10.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.