**Richard M. GILMAN, Plaintiff–Appellant,**

v.

**J. WOODFORD, Director, CDC; et al., Defendants–Appellees.**

**No. 06–16157.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Richard M. Gilman, Vacaville, CA, for Plaintiff–Appellant.

William Krabbenhoft, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

California state prisoner Richard M. Gilman appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated the Eighth Amendment and state law by failing to repair a leaky roof. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004), and we affirm.

The district court properly determined that the allegations in Gilman's second amended complaint failed to demonstrate that prison officials' conduct in maintaining the prison roof and floors violated the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (requiring a successful Eighth Amendment claim based on inhumane conditions of confinement to show that prison officials knew of a substantial risk of serious harm and failed to take reasonable measures to avoid the harm);

see also *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989) (holding that allegation describing slippery prison floor, without more, "does not state even an arguable claim for cruel and unusual punishment"), *superceded by statute as stated in, Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Gilman's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001) (holding that district court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction).

Gilman's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.