967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Thomas ADAIR, Plaintiff-Appellant,
v.
Cynthia L. AYDLETT, et al., Defendants-Appellees.
 No. 91-16441.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Thomas Adair, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for damages against prison officials who allegedly miscalculated his prison sentence credits. We interpret the district court's sua sponte dismissal of the in forma pauperis complaint before service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's determination that a complaint is frivolous under section 1915(d). Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (May 4, 1992). A legal claim is frivolous if "it lacks an arguable basis in law." Neitzke v. Williams, 490 U.S. 319, 324 (1989). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 632 (9th Cir.1988). Furthermore, a pro se complaint may be dismissed without leave to amend only if it is absolutely clear that the deficiencies could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 When prison officials use an incorrect method to compute a prisoner's sentence and, after being put on notice of their computation error, refuse to investigate a prisoner's claim of error, the prisoner states a cause of action under section 1983. Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir.1985), cert. denied, 478 U.S. 1020 (1986).
 
 
 5
 Here, Adair's complaint alleged that he had informed prison officials numerous times that his sentence calculation had improperly neglected to take into account certain good time credits allegedly forfeited in violation of his constitutional rights and that no action had been taken to correct the errors despite his complaints. He also alleged that the defendant prison officials had acted to cover up their responsibility for the incorrect sentence calculations. These facts establish a nonfrivolous basis for Adair's section 1983 action. Id. at 1359.
 
 
 6
 However, our decision in Adair v. Lewis, No. 91-16676, unpublished memorandum disposition (9th Cir. filed June --, 1992), forecloses Adair's argument that prison officials erred by not taking into account his good time credits when calculating his sentence. Therefore, there is no basis for Adair's section 1983 claim.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Adair's June 2, 1992 "Motion for Status Report" is denied