976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus T. EVANGELISTA, Plaintiff-Appellant,
v.
James BLODGETT; Jeff McMann; Walla Walla General Hospital,
Defendants-Appellees.
 No. 91-36305.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus T. Evangelista, a Washington state prisoner, appeals pro se the district court's sua sponte dismissal of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand for service of process.
 
 
 3
 We construe the district court's dismissal of Evangelista's complaint prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640-41.
 
 
 4
 In his complaint, Evangelista alleged that he was raped by his physician and/or his prison guard while unconscious during surgery on his hemorrhoids at Walla Walla General Hospital. If true, such allegations would state a section 1983 claim. See generally Hudson v. McMillian, 112 S.Ct. 995 (1992). While we may find this claim highly dubious, we cannot say from the face of the complaint that it is wholly delusional or "clearly baseless." See Denton, 112 S.Ct. at 1733-34 ("[a]n in forma pauperis complaint may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely").
 
 
 5
 Because Evangelista's complaint contains an arguable basis in law and fact, we vacate the district court's sua sponte dismissal with instructions that process be served. See Neitzke, 490 U.S. at 324; Jackson, 885 F.2d at 640.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3