978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony A. LUCA, Plaintiff-Appellant,
v.
Thomas L. MAGNUSON, Defendant-Appellee.
 No. 92-16222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony A. Luca, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In his complaint, Luca alleged that the defendants violated his constitutional rights by intimidating him into taking risk assessment tests and consenting to the disclosure of his family background in a conspiracy to raise his risk scores which apparently would have an adverse impact on his security classification. Luca sought declaratory and injunctive relief.
 
 
 5
 Arizona statutes do not create a protected liberty interest in a prisoner's security classification. See Ariz.Comp.Admin.R. & Reg. R5-1-206; MacFarland v. Cassidy, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona statues and regulations do not create a liberty interest in remaining in the general population). Moreover, Luca's conspiracy claims are vague and conclusory and are insufficient to support a civil rights violation claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). Given these circumstances, we cannot say that the district court abused its discretion in dismissing this action. See Denton, 112 S.Ct. at 1733-34.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3