988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George SASSOWER, Plaintiff-Appellant,
v.
Mike MCKAY, United States of America, Defendants-Appellees.
 No. 91-36367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-91-1562-BJR, Barbara J. Rothstein, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Sassower appeals pro se[1] the district court's dismissal of his in forma pauperis action as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 A sua sponte dismissal of an in forma pauperis complaint before issuance and service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. § 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A frivolous claims is one which lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 324 (1989).
 
 
 4
 As this court has previously noted, Sassower has been a vexatious litigant for at least ten years. See Sassower v. General Ins. Co. of America, Nos. 90-35542, 91-35879, unpublished memorandum disposition (9th Cir. May 5, 1992). Close scrutiny of the pleadings in this action reveals that this action is simply another attempt to relitigate issues decided in various other actions, in this and various other courts.
 
 
 5
 In its order of dismissal, the district court states that Sassower's petition "makes no claim for relief of any kind." Sassower's allegations in his complaint against the United States and the United States attorney are rambling, vague, and disconnected. It is impossible to understand what relief he is seeking or what the basis of his action is, even with reference to the various other lawsuits he has filed.
 
 
 6
 Because Sassower's complaint lacks an arguable basis in fact or law, the district court did not err by dismissing this action as frivolous. See Nietzke, 490 U.S. at 324.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sassower is a disbarred attorney. See In re Disbarment of Sassower, 481 U.S. 1045 (1987)
 
 
 [2]
 Because of Sassower's practice of filing frivolous papers, we will not entertain a petition for rehearing in this action. Cf. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.) ("This court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis."), cert. denied, 111 S.Ct. 1082 (1991); Viser v. Supreme Court of California, 919 F.2d 113 (9th Cir.1989). The mandate will issue forthwith