990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary D. BRYMER, Plaintiff-Appellant,
v.
Dean TREABECH, Maricopa County Public Defender; Valarie
Shears, Assistant Public Defender; Mike
Fusselman, Investigator, Maricopa County
Public Defender's Office,
Defendants-Appellees.
 No. 92-15454.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 17, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary D. Brymer, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint prior to issuance and service of process. He alleges that the defendants, two public defenders and an investigator, deprived him of the effective assistance of counsel in a state criminal proceeding. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we reverse and remand.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), a district court may dismiss a complaint sua sponte before service of process only if it is frivolous. Nietzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Id. at 325. A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 A public defender "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of state law and cannot be liable under section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Nevertheless, a public defender who conspires with state officials does act under color of state law and may be liable. Tower v. Glover, 467 U.S. 914, 923 (1984).
 
 
 5
 Here, Brymer alleged in his complaint that Maricopa County Public Defender Dean Treabech, Assistant Public Defender Valarie Shears and Investigator Mike Fusselman, acting in concert with the Maricopa County Deputy Attorney, denied him the effective assistance of counsel by failing to conduct adequate investigations and to interview defense witnesses in a criminal action filed against him in the Superior Court of Maricopa County. Because Brymer's complaint alleged that the public defenders appointed to represent him conspired with a state official to deprive him of his right to counsel, it contains an arguable basis in law. Tower, 467 U.S. at 923. Accordingly, we reverse the district court's judgment and remand for issuance and service of process. See Nietzke, 109 S.Ct. at 1833 (distinguishing between the standards for dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(d) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6)).
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3