995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Standley Vee BARNES, Plaintiff-Appellant,
v.
Richard A. VERNON, Director of Corrections; James Hope,
Warden ICIO; Pam Sonnen, Deputy Warden ICIO; Lt.
Maceachern, Head of Security; Linda Copple Trout, Judge,
Second District Court, Clearwater County, Defendants-Appellees.
 No. 92-36876.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Standley Vee Barnes, an Idaho state prisoner, appeals pro se the district court's dismissal pursuant to 28 U.S.C. § 1915(d) of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal pursuant to section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We reverse and remand.
 
 
 3
 * Background
 
 
 4
 Barnes filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] Barnes's complaint alleged that the prison officials at the Idaho Correctional Institution-Orofino ("ICIO") violated his right to due process and equal protection, and his right to be free from cruel and unusual punishment by denying him visitation with his daughter. The district court found Barnes's complaint to lack an arguable basis in law or in fact and dismissed the complaint with prejudice. Barnes timely appeals.
 
 II
 Analysis
 
 5
 Dismissal of an informa pauperis complaint under 28 U.S.C. § 1915(d) is proper only if the action is frivolous. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Barnes contends the district court erred by dismissing his due process, Eighth Amendment, and equal protection claims as frivolous. We agree.
 
 A. Due Process Claim
 
 7
 Although prison visitation is not independently protected by the due process clause of the fourteenth amendment, a state may create a protected liberty interest "by placing substantive limits on official discretion." Kentucky v. Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989). See also Mendoza v. Blodgett, 960 F.2d 1425, 1432-33 (9th Cir.1992) (Washington state regulations contained the substantive predicates necessary to create a protected liberty interest in prison visitation), cert. denied, 113 S.Ct. 1005 (1993), cert denied, 113 S.Ct. 1027 (1993). Because the record before us does not contain evidence of Idaho's prison visitation policies and regulations, we are unable to determine whether Idaho has created a protected liberty interest in visitation. Therefore, it is unclear from the district court record that Barnes's due process claim is frivolous. See Neitzke, 490 U.S. at 325.
 
 B. Eighth Amendment Claim
 
 8
 The Eighth Amendment prohibits unnecessary and wanton infliction of pain. U.S. Const.Am. VIII. "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.' " Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citation omitted). The record does not contain evidence of ICIO prison officials' reasons for denying Barnes visitation with his minor daughter. Therefore, it is unclear from the record whether the prison officials' actions were penologically justified. Accordingly, we cannot conclude that Barnes's Eighth Amendment claim is frivolous. See Neitzke, 490 U.S. at 325.
 
 C. Equal Protection Claim
 
 9
 The Equal Protection Clause of the Constitution protects against arbitrary and unreasonable classifications of laws and regulations. U.S. Const.Am. XIV. To state a claim for violation of the equal protection clause, a plaintiff must show intentional discrimination. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). A state does not deny an individual equal protection where the state's action is rationally related to a legitimate state interest. See Christian Gospel Church, Inc. v. San Francisco, 896 F.2d 1221, 1225-26 (9th Cir.), cert. denied, 498 U.S. 999 (1990). Here, the district court adopted in full the magistrate judge's report and recommendation, which stated that the Idaho prison policy "apparently bars contact between parent and children when the parent has been convicted of sexual abuse crimes." The district court record, however, fails to support this statement. Therefore, it is unclear from the record that Barnes's equal protection claim is frivolous. See Neitzke, 490 U.S. at 325.
 
 
 10
 Accordingly, dismissal of Barnes's complaint pursuant to section 1915(d) was improper, and we remand to the district court for service of process. See Denton, 112 S.Ct. at 1734.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Barnes's daughter Shea also was listed as a plaintiff, but she is not a party to this appeal