995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry C. BUTLER, Plaintiff-Appellant,
v.
Charles D. MARSHALL; et al., Defendants-Appellees.
 No. 92-16955.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perry C. Butler, a former California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Butler's action before service of process pursuant to 28 U.S.C. § 1915(d), finding that Butler's action was frivolous. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm in part, vacate in part, and remand for issuance and service of process.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, the district court correctly found that Butler's claims under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, lack merit. See St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373 & nn. 1 & 2 (9th Cir.1981) (FOIA and Privacy Act do not apply to state agencies). We therefore affirm the district court's dismissal of Butler's claims under these statutes.
 
 
 6
 In his complaint, Butler also alleged the California Department of Corrections violated the California Information Practices Act ("IPA"), Cal.Civ.Code §§ 1798-99.3, by failing to comply with his request for his prison medical records. The Supreme Court has held that a state "creates a protected liberty interest by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983); see also Oviatt ex rel. Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). This court has held that a liberty interest is created when the word "shall" is used to mandate specific procedures. Oviatt, 954 F.2d at 1475.
 
 In pertinent part, the IPA provides that:
 
 7
 [E]ach agency shall permit any individual upon request and proper identification to inspect all the personal information in any record containing personal information and maintained by reference to an identifying particular assigned to such individual within 30 days of the agency's receipt of the request for active records, and within 60 days of the agency's receipt of the request for records that are geographically dispersed or which are inactive and in central storage.
 
 
 8
 Cal.Civ.Code § 1798.34(a) (emphasis added). Although neither this court nor the California state courts have decided whether this language creates a liberty interest, the IPA appears to mandate that agencies allow individuals to have access to their personal records merely upon request and proper identification.
 
 
 9
 The district court held that the IPA is no more than a set of procedural guidelines and does not limit official discretion. Thus, the court reasoned, Butler does not have a liberty interest under the IPA in having access to his prison medical records. Support for the district court's position can be found in Cal.Civ.Code § 1798.40, which provides that an agency need not disclose information to an individual if the information meets certain criteria.
 
 
 10
 These criteria, however, are fairly specific and can be read to suggest that an agency cannot deny a request for records merely for "any constitutionally permissible reason or for no reason at all." Olim, 461 U.S. at 249 (quotations omitted); see, e.g., Cal.Civ.Code § 1798.40(a) (information need not be disclosed if it was "compiled for the purpose of identifying individual criminal offenders and alleged offenders and consists only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, parole and probation status"). Moreover, the regulation cited by the district court in support of its determination explicitly provides that "[a]ny person on whom the [D]epartment [of Corrections] maintains a record or file containing personal information has the right to inspect their record." Cal.Code.Regs. tit. 15 § 3450(a) (emphasis added). Thus, while it is not entirely clear whether Butler's right to his prison medical records is of constitutional dimension, we are unwilling to say his claim under the IPA is frivolous. See Neitzke, 490 U.S. at 325.
 
 
 11
 In his complaint, Butler also alleged defendant Marshall violated his right to due process by failing to respond to his appeal at the second review level, thereby precluding Butler from possibly seeking a third-level review. The district court held Butler has no constitutional right to a properly functioning inmate appeal system.
 
 
 12
 The prison regulations regarding inmate appeal rights set forth specific deadlines within which decisions at the various appeal levels must be made. See Cal.Code Regs. tit. 15 § 3084.6 (e.g., section 3084.6(b)(3) provides "[s]econd level responses shall be completed within ten working days, or 15 working days if first level is waived" (emphasis added)). Again, while defendant's failure to comply with these deadlines may not rise to the level of a constitutional violation, we cannot say Butler's claim is frivolous. See Neitzke, 490 U.S. at 325.
 
 
 13
 Accordingly, because Butler's claims under the IPA and for denial of his appeal rights are not frivolous, he was entitled to issuance and service of process on these claims. See Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640.
 
 
 14
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3