2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jim FITCH, Plaintiff-Appellant,
v.
Grigone WILSON, et al., Defendant-Appellee.
 No. 93-15051.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jim Fitch, an Arizona state prisoner, appeals pro se the district court's order dismissing pursuant to 28 U.S.C. Sec. 1915(d) his 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We reverse and remand.
 
 
 3
 Fitch filed a civil rights complaint pursuant to 42 U.S.C. Sec. 1983. Fitch's complaint alleged prison officials violated his constitutional rights by refusing to transfer him from the Arizona State Complex in Florence, Arizona to the Santa Rita Unit in Tucson. Fitch alleged that prison officials should have housed him in Santa Rita so that he would not have to remain in protective segregation. Fitch further alleged that there were several facilities at which he could have been housed safely without protective segregation. The district court found Fitch's complaint to lack an arguable basis in law or in fact and sua sponte dismissed the complaint prior to issuance of process. On appeal, Fitch contends the district court erred by dismissing his complaint as frivolous. We agree.
 
 
 4
 Dismissal of an informa pauperis complaint under 28 U.S.C. Sec. 1915(d) is proper only if the action is frivolous. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 The threshold issue in this appeal is whether Fitch has a protected liberty interest in being housed at a facility where protective custody is not required. A liberty interest may arise from the due process clause itself or from state law. Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). The due process clause does not create a liberty interest in remaining free from protective custody. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (constitution does not create a liberty interest in remaining within the general prison population); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). Nor does the due process clause give an inmate have a right to be housed in a particular prison facility. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985). Nevertheless, a state may create a protected liberty interest "by placing substantive limits on official discretion." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989) (quotations omitted).
 
 
 6
 Our research revealed that an Arizona Dep't of Corrections Director's Mgmt. Order (DMO 47-88), which became effective in January 1988, sets forth procedural guidelines regarding the placement of inmates into protective segregation. Under DMO 47-88, prison officials are required to explore alternative housing as an option to placing an inmate in protective segregation. Such regulation may have created a protected liberty interest regarding placement in protective segregation. See Thompson, 490 U.S. at 461-62. Therefore, Fitch's complaint is not frivolous. See Neitzke, 490 U.S. at 325.
 
 
 7
 Accordingly, dismissal of Fitch's complaint pursuant to section 1915(d) was improper, and we remand to the district court. See Denton, 112 S.Ct. at 1734.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3