5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas COCO, Plaintiff-Appellant,
v.
Leslie GRIGONE; et al., Defendants-Appellees.
 No. 93-15805.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Coco, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action prior to service of process. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We construe the district court's dismissal of Coco's action prior to service of process as a dismissal pursuant to 28 U.S.C. Sec. 1915(d), see Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989), and review for abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe the plaintiff's pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640.
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 In his complaint, Coco alleged that defendants have placed him in protective segregation and have refused to transfer him even though he is eligible for transfer and has provided defendants a list of safe places to which he can be transferred. He alleged that defendants' actions constitute cruel and unusual punishment, discrimination, and criminal conspiracy.
 
 
 6
 Coco does not have an inherent constitutional right either to remain in the general prison population or to be placed in a particular housing unit. See Meachum v. Fano, 427 U.S. 215, 224 (1976); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). Nor does Coco have an inherent constitutional right to be transferred to a particular prison facility. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985).
 
 
 7
 Nevertheless, a state may create a protected liberty interest "by placing substantive limitations on official discretion." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989) (quotations omitted); Mendoza v. Blodgett, 960 F.2d 1425, 1428 (9th Cir.1992), cert. denied, 113 S.Ct. 1005, 1027 (1993). A state may create such an interest "by adopting regulations which establish substantive predicates to govern official decisionmaking and by mandating the outcome to be reached upon a finding that the relevant criteria have been met." Mendoza, 960 F.2d at 1428. The regulations must contain " 'explicit mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." Id. (quotations omitted).
 
 
 8
 The Arizona Department of Corrections has issued Internal Management Policy No. 304.10 ("IMO 304.10") to govern the placement of prisoners into protective segregation. Section 6.4.5 of IMO 304.10 provides that the Protective Segregation Committee ("PSC") "shall ... [e]xplore alternate unit or housing assignments as an option to alleviate the need for placement in protective segregation."
 
 
 9
 The language of section 6.4.5 requires the PSC to explore alternate housing when considering whether to place a prisoner in protective segregation. Nevertheless, neither section 6.4.5 nor any other provision of IMO 304.10 requires the PSC to do anything more than explore alternatives. Because IMO 304.10 does not "mandat[e] the outcome to be reached" should the PSC find that alternate housing exists, the policy does not create a protected liberty interest. See Thompson, 490 U.S. at 462; Mendoza, 960 F.2d at 1428.
 
 
 10
 Coco's claim thus lacks an arguable basis in law. The district court did not err by dismissing the complaint prior to service of process. See Neitzke, 490 U.S. at 325.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument is therefore denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3