19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merle L. ROYSE, Plaintiff-Appellant,
v.
James B. CRAWFORD; Thomas Mueller, Defendants-Appellees.
 No. 93-35735.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merle L. Royse, a Washington state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action. Royse contends that (1) he was denied his constitutional right of access to the courts because, contrary to prison regulations, two prison guards refused to log out his legal mail upon receipt; (2) his constitutional rights were violated when he was later retaliated against for insisting that a supervisor be called so that his legal mail would be logged out upon receipt; and (3) he was denied equal protection because two prison guards refused to log out his legal mail upon receipt contrary to the treatment of other inmates similarly situated. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1991), and we affirm.
 
 
 3
 Under 28 U.S.C. Sec. 1915(d), a district court cannot dismiss an in forma pauperis complaint before service of process solely for failure to state a claim, but may do so when the plaintiff (1) fails to state any arguable basis in law or fact to support his claims or (2) claims an infringement of a legal interest which clearly does not exist. Neitzke v. Williams, 490 U.S. 319, 324-25, 327, 331 (1989). Dismissal of a pro se complaint without leave to amend is proper where it is clear that the deficiencies of the complaint could not be cured by amendment. See Denton, 112 S.Ct. at 1734.
 
 
 4
 Pro se papers, particularly civil rights complaints, must be liberally construed. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir.1990). A pro se complaint with any arguable basis in law or fact is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 Royse claims he was denied access to the courts because two prison guards, contrary to prison regulations, refused to log out his legal mail upon receipt. This claim lacks any arguable basis in law or fact.
 
 
 6
 Inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, absent allegations of inadequate law libraries or legal assistance, a plaintiff claiming a denial of access to the courts must show an actual injury: a specific instance in which he was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 7
 Here, Royse suffered no actual injury to his right of access to the courts. The prison guards who first received Royse's legal mail refused to log it out. Royse insisted that a supervisor be called. The supervisor responded to the call and logged out Royse's legal mail. Although the two prison guards may have violated prison regulations when they initially refused to log out Royse's legal mail, Royse was not denied access to the courts. Consequently, he suffered no injury to a federal constitutional right. See id.
 
 
 8
 Royse claims that his constitutional rights were violated when he was later retaliated against for insisting that a supervisor be called so that his legal mail would be logged out upon receipt. This claim lacks any arguable basis in law or fact.
 
 
 9
 Prison officials may not retaliate against an inmate for the exercise of a constitutional right. Rizzo v. Dawson, 778 F.2d 527 (9th Cir.1985).
 
 
 10
 Royse alleges that nine days after the incident in which he insisted that his legal mail be logged out, one of the guards filed an infraction against him for interfering with staff duties. Royse later was found guilty of the infraction and did not appeal. He cannot now maintain a retaliation claim contending that the charge should not have been filed.
 
 
 11
 Royse claims that he was denied equal protection of the law because his legal mail was not logged out upon receipt contrary to the treatment of other inmates similarly situated. This claim lacks any arguable basis in law or fact. Royse's mail was logged out, albeit after a supervisor was called. Any disparate treatment was remedied by that action. He has suffered no damages.
 
 
 12
 There is nothing in this record to suggest that any amendment could cure the deficiencies of Royse's claims. See Denton, 112 S.Ct. at 1734. Because Royse failed to state any arguable basis in law or fact to support his claims, the district court did not abuse its discretion when it dismissed Royse's complaint pursuant to 28 U.S.C. Sec. 1915(d). See Neitzke, 490 U.S. at 324-25.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3