29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Oren ANDERSON, Plaintiff-Appellant,
v.
Christina PENZA, et al., Defendants-Appellees.
 No. 94-15260.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Oren Anderson, a Nevada state prisoner, appeals pro se the district court's dismissal of his action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's sua sponte dismissal of a case as frivolous under 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1730-31. A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The district court must construe pro se pleadings liberally. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989) (citing Neitzke, 490 U.S. at 328-29).
 
 
 4
 In his complaint, Anderson alleged that Christina Penza, a reporter for KLAS-TV, a television station located in Las Vegas, Nevada, interviewed him about his pending civil rights litigation. Anderson alleged that he had requested Penza and KLAS-TV not to reveal his prior criminal history, and that Penza and KLAS-TV nevertheless broadcast information about his criminal history. As a result of this broadcast, Anderson alleged that his life is in danger. Anderson claimed that this violated his civil rights and that he was slandered because Penza and KLAS-TV did not reveal the "whole truth."
 
 
 5
 To state a claim under 42 U.S.C. Sec. 1983, Anderson must allege that: (1) a person or persons acting under color of state law, (2) deprived Anderson of some right secured by the Constitution or federal laws. See West v. Atkins, 487 U.S. 42, 48 (1988). Here, the defendants are private parties, and Anderson failed to allege any facts supporting his bare allegation that the defendants acted under color of state law in committing the conduct at issue. See id. at 49. Thus, Anderson's allegations lack an arguable basis in law or in fact.[1] See Neitzke, 490 U.S. at 325.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Anderson also contends that the district court judge should have recused himself. Because Anderson did not raise this issue below, we decline to reach it on appeal. See Pacific Express, Inc. v. United Air Lines, Inc., 959 F.2d 814, 819 (9th Cir.), cert. denied, 113 S.Ct. 814 (1992). Anderson also contends that he was entitled to a jury trial. Because the district court properly dismissed the action as frivolous, Anderson was not entitled to a jury trial