61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theresa TORRICELLAS, Petitioner-Appellant,
v.
Susan E. POOLE, Warden; John Laudeman, Associate Warden;
Martel, Appeals Examiner; Arthetta Martin; Frank Powell,
Chief Deputy Warden; J. B. Stephens, Captain; L. L. Woods,
Correctional Lieutenant, Respondents-Appellees.
 No. 94-56350.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-05368-WMB; William Matthew Byrne, Jr., District Judge, Presiding.
 C.D.Cal.
 Vacated and Remanded.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theresa Torricellas, a California state prisoner, appeals pro se the district court's denial of her application to file her civil rights action without prepayment of the filing fee. The district court held that Torricellas' action was frivolous pursuant to Neitzke v. Williams, 490 U.S. 319, 325 (1989), based on its finding that she had a "meaningful post-deprivation" remedy in state court under Hudson v. Palmer, 468 U.S. 517, 533 (1984). In the underlying action, Torricellas sought compensatory damages, a declaratory judgment, and injunctive relief when prison officials retained items of her personal property after she was released from administrative segregation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand for further proceedings.
 
 
 3
 A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 324. Generally, the negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate state remedy, Hudson, 468 U.S. at 533. A state tort remedy, however, does not bar due process claims where a plaintiff is challenging an established state procedure. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433-36 (1982).
 
 
 4
 Here, Torricellas is challenging the institution's established procedure regarding the retention of a prisoner's personal property. Because she is challenging the intentional and authorized deprivation of her property, she may state a claim despite the availability of an adequate remedy under state law. See id. Accordingly, because Torricellas's action has an arguable basis in law and fact, we vacate the district court's denial of her application for waiver of the filing fee, and remand for further proceedings. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3