98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyrrall Farrow CANNON, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS; James Gomez, Warden;
Bruce Farris, Assistant Warden; I. Williams, Chief Deputy
Warden; J. Mefford, D.A. Johnson, Record Specialist;
California State Board of Control; George Smith; M. Meske;
R; V. Bluestein; P. Perez; M.P. McClure and D. Pehrson,
Defendants-Appellees.
 No. 95-16505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Tyrrall Farrow Cannon appeals pro se the district court's order adopting a magistrate judge's recommendation to dismiss Cannon's 42 U.S.C. § 1983 complaint without prejudice under 28 U.S.C. § 1915(d).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, see McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992), and we affirm.
 
 
 3
 Cannon contends that the district court erred by dismissing his second amended complaint prior to service and issuance of process. This contention lacks merit.
 
 
 4
 We review for abuse of discretion a district court's dismissal of an in forma pauperis complaint pursuant to 28 U.S.C. § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33 (1992). A section 1915(d) dismissal is proper if the complaint lacks an arguable basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 Here, Cannon alleged that defendants had violated his due process, equal protection, and Eighth Amendment rights by applying a state habitual criminal statute to him. The magistrate judge dismissed Cannon's complaint, but afforded him an opportunity to amend and advised Cannon of the deficiencies in his complaint. Cannon filed an amended complaint, but it contained many of the same defects in his first complaint. Accordingly, the magistrate recommended that the district court dismiss Cannon's action without prejudice to filing a paid complaint. The district court, however, remanded the matter to the magistrate to address Cannon's equal protection and Eighth Amendment claims. The magistrate subsequently issued a second report recommending dismissal of Cannon's action.[2] The district court adopted this recommendation in its entirety and entered judgment accordingly. Upon our review of the record, we conclude that the district court did not abuse its discretion by dismissing Cannon's second amended complaint because Cannon failed to demonstrate that any of his legal points were arguable on their merits. See Neitzke, 490 U.S. at 325; Jackson, 885 F.2d at 640.
 
 
 6
 Cannon contends that the district court erred by failing to consider his third amended complaint before the district court dismissed his action. This contention lacks merit, because the district court implicitly considered Cannon's third amended complaint when it denied his Fed.R.Civ.P. 59(e) motion for reconsideration.[3]
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, to the extent that Cannon has requested oral argument, we deny this request
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On April 26, 1996, former section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996). The portion of section 1915(d) that allowed district courts to dismiss frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i) (1996)
 
 
 [2]
 The magistrate observed that Cannon had used his opportunity to object to the magistrate's first recommendation to file a second amended complaint. Although Cannon's second amended complaint did not constitute a proper objection, the magistrate indicated that it had considered Cannon's second amended complaint
 
 
 [3]
 In his motion for reconsideration, Cannon requested the district court to, among other things, "grant his third amended complaint." We note that Cannon has not appealed the denial of his motion for reconsideration
 
 
 [4]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal