**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ERIC R. TOWNSEL, | No. 09-35444 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00482-JLR |
| v. | |
| KEN QUINN, Superintendent; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Washington state prisoner Eric R. Townsel appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and we therefore deny Townsel's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

officials failed to maintain safe conditions in the shower area and were deliberately indifferent to his resulting medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *John Doe 1 v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we affirm.

The district court properly determined that the allegations in Townsel's complaint failed to demonstrate that prison officials' conduct in maintaining the prison shower area violated the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994) (requiring a successful Eighth Amendment claim based on inhumane conditions of confinement to show that prison officials knew of a substantial risk of serious harm and failed to take reasonable measures to avoid the harm); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (explaining that allegations describing slippery prison floors, without more, "do not state even an arguable claim for cruel and unusual punishment"), *superceded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (providing discretion to deny leave to amend when amendment would be futile).

The district court properly dismissed Townsel's due process claim that he was entitled to a custody and classification hearing prior to his transfer because he failed to allege that his transfer imposed an atypical and significant hardship upon

him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court properly granted summary judgment to defendant Munk because Townsel failed to raise a triable issue as to whether Munk was deliberately indifferent to his medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (explaining that mere negligence in diagnosing or treating a medical condition, or a difference in opinion between the inmate and prison medical staff over proper medical treatment does not constitute deliberate indifference).

Townsel's pending motions are denied.

**AFFIRMED**.